IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLENN MANSELL EZZARD, : | |
| : | |
| Plaintiff, : | CASE NO. |
| v. : | 5:11-CV-505 (CAR) |
| : | |
| EATONTON & PUTNAM WATER & : | |
| SEWER AUTHORITY ("EPSWA"), and : | |
| TOM THOMPSON, Individually and in his : | |
| Official Capacity as Member of the : | |
| Board of EPSWA, : | |
| : | |
| Defendants. : | |

**ORDER**

Currently before the Court is Non-Party Georgia Department of Labor's ("GDOL") Motion to Quash Plaintiff's Subpoena Commanding Production of Unemployment Records [Doc. 11].  After due consideration, the Court **DENIES** the GDOL's Motion to Quash.

**Background**

Plaintiff, who had been employed with Defendant for two years and with the city of Eatonton for nearly twenty years before that, was fired while on approved medical leave in December 2009.  During Plaintiff's unemployment compensation proceedings, Defendant admitted to the GDOL that Plaintiff was fired for "inability to perform" the requirements of his job.

1

Plaintiff subsequently filed this action against Defendants alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 1983.  Plaintiff served a subpoena on the GDOL that requires the GDOL to produce "[a]ny and all files and records pertaining to Plaintiff Glenn Mansell Ezzard's claim for unemployment compensation filed on or about February 18, 2010, including without limitations any and all hearing transcripts with exhibits, and any and all communications from the parties." [Doc. 11-2].  The GDOL filed a Motion to Quash in response.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that[ ] subjects a person to undue burden."  The party seeking to quash the subpoena has the burden to show that compliance would subject that party to undue burden.  Sherwood v. Michelin North Am., Inc., No. 7:06-CV-93 (HL), 2007 WL 431090 (M.D. Ga. Feb. 2, 2007) (citing Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)); Independent Marketing Group, Inc. v. Keen, No. 3:11-cv-447-J-25MCR, 2012 WL 512948 (M.D. Fla. Feb. 16, 2012).

Here, the GDOL indicates that producing the requested records would violate O.C.G.A. § 34-8-121, and thus compliance with the subpoena would subject the GDOL to undue burden.  This statute protects the confidentiality of records related to

unemployment compensation claims, and prohibits the release of any records covered by the Employment Security Law.[1]  Section 34-8-121 provides, in relevant part:

> Information, statements, transcriptions of proceedings, transcriptions of recordings, electronic recordings, letters, memoranda, and other documents and reports thus obtained from any individual . . . or employer pursuant to the administration of this chapter . . . shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, published, or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity . . .

O.C.G.A. § 34-8-121(b)(3).  The statute goes on to state that violation of the provision is a misdemeanor.  Section 34-8-126 provides an exception to the general rule of confidentiality, providing that records may be available in judicial proceedings were the "presiding officer" makes a finding in an order that "the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records."  O.C.G.A. § 34-8-126.

Plaintiff asks this Court to find that § 34-8-121 is inapplicable to this case, or to make the finding required in § 34-8-126.  The aim of the statute in question is to protect the privacy and confidentiality of Plaintiff, the very party who is now seeking those records.  Plaintiff asserts that the records are needed to determine why Defendant admitted to the GDOL that Plaintiff was unable to perform his job requirements.

---

[1] The intent of this law is spelled out in O.C.G.A. § 34-8-120(b), which provides, "The Georgia General Assembly recognizes that records and information held by the Department of Labor could be misused. Therefore it is the intent of this article to define a right of privacy and confidentiality as regards individual and employing unit records and other records maintained by the Georgia Department of Labor."

Accordingly, what the Defendant may have said at a GDOL hearing about its discharge reason is relevant to Plaintiff's claims of discrimination. The Court thus makes the finding contemplated in O.C.G.A. § 34-8-126, that the need for the records "outweighs any reasons for the privacy and confidentiality of the information or records."

## Conclusion

For the foregoing reasons, non-party GDOL's Motion to Quash Plaintiff's Subpoena Commanding Production of Unemployment Records [Doc. 11] is **DENIED**.

SO ORDERED, this 7th day of September, 2012.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

AES